| UNITED STATES DISTRICT COURT | CIVIL CONFERENCE |
|---|---|
| EASTERN DISTRICT OF NEW YORK | MINUTE ORDER |

| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 9/1/09 |
|---|---|---|---|
| | U.S. MAGISTRATE JUDGE | TIME: | 2:00 PM |

*Whitney Information Network -v- Weiss, et al.*, **CV 06-6569 (DRH) (AKT)**

TYPE OF CONFERENCE:   TELEPHONE CONFERENCE

APPEARANCES:   Plaintiff:   K. Stewart Evans

Defendant:   Paul H. Aloe

Non-Parties:   David Shuster for Russell A. Whitney
Arnold Weiner for Barry Strudwick


THE FOLLOWING RULINGS WERE MADE:

1. Today's conference was scheduled for the Court to advise all counsel of its conclusion, based on communications from the respective attorneys, that further mediation of this matter would be a futility. After doing so, I excused counsel for the non-parties and continued discussions with counsel for Plaintiff and Defendant regarding the continuation of discovery.

2. By letter Motion dated April 8, 2009 [DE 56], Defendant moved to compel "the plaintiff . . . and anyone else in possession of certain documents responsive to [Defendant's] discovery demands, including outgoing counsel . . . to turn over any such responsive documents to [Defendant]" (the "Motion to Compel"). By letter dated April 17, 2009 [DE 61] (including Exhibits A through E and the Declarations submitted as DE 62), Plaintiff opposed the Motion. E.D.N.Y. Local Civil Rule 37.1 provides, in pertinent part:

> Upon any motion or application involving discovery or disclosure requests or responses under Rule 37 of the Federal Rules of Civil Procedure, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed.

In the Motion to Compel, Defendant neither specifies the responses to which it objects, nor sets forth each discovery request and response to which the motion is addressed. Thus, Defendant's submission does not comply with Local Rule 37.1. There was some indication from the parties that these issues may have been resolved, but they need to review this issue. Accordingly, Defendant's Motion to Compel is DENIED, without prejudice, and with leave to renew if the underlying issues have not yet been resolved. Defendant may exceed the three-page limit for discovery letter motions, within reason, if necessary to comply with Rule 37.1.

3. By letter Motion dated April 13, 2009 [DE 58], Plaintiff moves "to stay this action pending the outcome of the civil action currently pending in Panama regarding the validity of the April 6, 2006 shareholders meeting" (the "Stay Motion"). By letter dated April 21, 2009 [DE 66], Defendant opposes the Stay Motion. After reviewing the parties' submissions, Plaintiff's

Motion is DENIED. There has not been a sufficient showing of "good cause" as that term is defined in the applicable case law to allow the requested stay.

4. Counsel are directed to meet and confer regarding the discovery which remains to be completed in this case, and to submit a joint proposal stating with specificity what discovery needs to be taken (including depositions) and the proposed time frame for completion, keeping in mind that this case was filed more than 2½ years ago. Counsel are to file the joint proposal on ECF no later than September 15, 2009. After receiving the joint proposal, I will set up another telephone conference to discuss completion of the pre-trial phase of this case.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge